UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CORNELL RIVERS, SR., § | |
| Plaintiff, § | |
| v. § | No. 3:15-CV-1755-M (BF) |
| BANK OF AMERICA, N.A., and § | |
| MACKIE, WOLF, ZIENTZ, § | |
| and MANN, P.C., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Bank of America, N.A.'s ("Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") [ECF No. 6]. For the following reasons, the undersigned respectfully recommends that the District Court **GRANT in part** Defendant's Motion to Dismiss [ECF No. 6].

**BACKGROUND**

This *pro se* action arises out of foreclosure and eviction proceedings initiated against Plaintiff in connection with real property located at 1118 Fieldstone Drive, Cedar Hill, Texas 75104 (the "Property"). *See* Pl.'s Pet. [ECF No. 1-1 at 12]; Def.'s Br. [ECF No. 7 at 1]. Plaintiff executed a note in the amount of $261,548.00 (the "Note") on December 22, 2008 for the purchase of the Property. *See* Note [ECF No. 1-1 at 42-44]. The Note, secured by the Property, was made payable to Realty Mortgage Company ("Realty"). *See id.* [ECF No. 1-1 at 42-44]. Plaintiff also executed a deed of trust ("Deed of Trust") granting Realty a security interest in the Property. *See* Deed of Trust [ECF No. 1-1 at 50-57]. The Deed of Trust lists Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for Realty. *See id.* [ECF No. 1-1 at 50-51]. Pursuant to the Note and Deed

of Trust, Plaintiff was required to make loan payments and also pay any applicable charges and fees. *See id.* [ECF No. 1-1 at 50-57]; *See* Note [ECF No. 1-1 at 42-44]. On November 2, 2011, MERS assigned and transferred its interest in the Deed of Trust to Defendant. *See* Assignment [ECF No. 1-1 at 82-83]. Plaintiff contends that this assignment was invalid, because MERS, the assignor, was only the nominee for Realty and lacked the authority to convey any interest in the Note. *See* Pl.'s Pet. [ECF No. 1-1 at 6]. Plaintiff also contends that the assignment is void, because it is the product of fraud. *See id.* [ECF No. 1-1 at 6-7, 20-23]. While Plaintiff does not explain the circumstances surrounding the foreclosure, he states that Defendant conducted a foreclosure sale of the Property on December 4, 2012. *See id.* [ECF No. 1-1 at 6].

On February 10, 2015, Plaintiff filed his Petition for Bill of Review ("Petition") in the County Court at Law No. 1, Dallas County, Texas, Cause No. CC-15-706-A, against Defendant and the law firm of Mackie, Wolf, Zientz, and Mann, P.C. alleging breach of contract and fraud, and seeking injunctive relief. *See id.* [ECF No. 1-1 at 5, 17-34]. Plaintiff seeks to vacate the Final Judgment for Possession issued on April 4, 2013 in the County Court at Law No. 1, Dallas County, Texas, Cause No. CC-13-1611-A, granting possession of the Property to Defendant. *See id.* [ECF No. 1-1 at 34]; Final J. [ECF No. 1-1 at 126]. Plaintiff does not specify what causes of action he asserts against the law firm of Mackie, Wolf, Zientz, and Mann, P.C. *See id.* [D.E. 1-1 at 5-34]. Throughout his pleadings, Plaintiff refers to "Defendants," which presumably encompasses both Defendant, and Mackie, Wolf, Zientz, and Mann, P.C. *See id.* [ECF No. 1-1]. However, the sole allegation that appears to specifically pertain to Mackie, Wolf, Zientz, and Mann, P.C. appears to be the following: "Defendant[] Mackie, Wolf, Zientz & Mann, P.C. helped perpetuate the use of the fraudulent Assignment of Deed of Trust on behalf of its client, thereby committing fraudulent

2

conduct that is not protected by immunity." *See id.* [D.E. 1-1 at 7].

Defendant contends that the allegations in the instant action are very similar to the allegations Plaintiff made in another case he filed, *Rivers v. Bank of America, N.A.*, No. 3:15-CV-704-B. *See* Def.'s Br. [ECF No. 7 at 2]. Plaintiff originally filed that action on February 17, 2015 in County Court at Law No. 1, Dallas County, Texas, Cause No. CC-15-864-A, and Defendant removed that action to federal court on March 3, 2015. *See* Notice of Removal [ECF No. 1; No. 3:15-CV-704-B]. In that action, on August 6, 2015, Judge Boyle entered a Memorandum Opinion and Order granting Defendant's motion to dismiss and dismissed Plaintiff's claims against Defendant without prejudice. *See* Mem. Op. & Order [ECF No. 12 at 12; No. 3:15-CV-704-B]. Judge Boyle stated that due to Plaintiff's "*pro se* status, and because th[at] Order [wa]s the Court's first review of [Plaintiff's] allegations, [Judge Boyle] conclude[d] that [Plaintiff] should be given the opportunity to replead his claims so as to address the issues noted []." *See id.* [ECF No. 12 at 12; No. 3:15-CV-704-B]. Further, Judge Boyle instructed Plaintiff that if he "is able to replead and overcome the grounds for dismissal described [], he should do so by no later than thirty (30) days from the date of [her] Order," but advised Plaintiff that his failure "to file an amended pleading will result in a dismissal *with prejudice* of [Plaintiff's] claims against Defendant Bank of America, N.A." *See id.* [ECF No. 12 at 12; No. 3:15-CV-704-B]. Defendant contends that based on nearly identical allegations as those made in the action pending before Judge Boyle, Plaintiff brings the instant action titled "Petition for Bill of Review," which also seeks review of the final eviction judgment. *See* Def.'s Br. [ECF No. 7 at 2]; Pet. [ECF No. 1-1].

On May 20, 2015, Defendant removed this action to this Court. *See* Notice of Removal [ECF No. 1]. On June 11, 2015, Defendants filed their Motion to Dismiss [ECF No. 6]. Plaintiff failed to

file a response nor sought permission to file an amended complaint in response to the pleading deficiencies pointed out by Defendant in the Motion to Dismiss. Plaintiff has not filed anything in this case except for his Reply and Request for Scheduling Conference on June 11, 2015, and a document titled "Securitization Analysis and County Records Report" on September 22, 2015, both of which do not address the arguments raised in Defendant's Motion to Dismiss. *See* Reply [ECF No. 9]; Report [ECF No. 13].

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8(a)(2) does not require detailed factual allegations, mere labels and conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* Under Rule 12(b)(6), a court examines pleadings by accepting all well-pleaded facts as true and viewing them in a light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility where the plaintiff alleges facts that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the well-pleaded facts do not allow the court to infer more than a possibility of misconduct, the complaint has only alleged, but has not shown that

4

the pleader is entitled to the relief sought. *Id.* at 679 (citing FED. R. CIV. P. 8(a)(2)).

"On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Herrera v. Wells Fargo Bank, N.A.*, Civ. Action No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Id.* (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011))."A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing FED. R. EVID. 201(b)).

## ANALYSIS

### Bill of Review

Defendant argues that because Plaintiff unsuccessfully appealed the eviction judgment twice, Plaintiff's bill of review filed in this case fails as a matter of law. *See* Def.'s Br. [ECF No. 7 at 3].

> A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. . . . Bill of review relief is available only if a party has exercised due diligence in pursuing all available legal remedies against a former judgment. . . . If legal remedies were available but ignored, relief by equitable bill of review is not available. [] Thus, a litigant who permits the

> judgment to become final by failing to invoke the right to appeal is not entitled to bill of review relief. . . . Likewise, a bill of review may not be used as an additional remedy by a litigant who has made a timely but unsuccessful appeal.

*McIntyre v. Wilson*, 50 S.W.3d 674, 679 (Tex. App.-Dallas 2001, no pet.)(citing *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999); *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967); *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980)). Defendant points out that Plaintiff's first appeal was dismissed voluntarily by Plaintiff to avoid proceeding "upon potentially frivolous grounds." *See* Def.'s Br. [ECF No. 7 at 3]; Ex. A-1 & A-2 [ECF No. 8-1 at 5-10]. Defendant also points out that Plaintiff's second appeal of the same judgment was dismissed as untimely. *See* Ex. A-3 [ECF No. 8-1 at 12-14]; Def.'s Br. [ECF No. 7 at 3].

Because Plaintiff is proceeding *pro se* in this action, the Court construes his pleadings liberally. *See Rogers v. Buchanan*, No. 3:12-CV-2458-M (BN), 2015 WL 5772203, at *6 (N.D. Tex. Aug. 3, 2015) ("[T]he Fifth Circuit has encouraged liberal construction of *pro se* pleadings where justice so requires." (citing *Johnson v. Epps*, 479 F. App'x 583, 587-88 (5th Cir. 2012))); *see also Epps*, 479 F. App'x at 587 ("We liberally construe pleadings made by *pro se* plaintiffs. In previous decisions and when justice so required, we have held that filings such as a memorandum in opposition to summary judgment and an opposition to a magistrate judge's report and recommendation should have been construed by the district court as motions to amend the complaint." (citing *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972))). Here, while Plaintiff may have incorrectly titled his Petition, the undersigned construes it as an original petition filed in state court, and concludes that this error should not be a basis to dismiss his *pro se* complaint.

6

**<u>Validity of Assignment</u>**

Plaintiff asserts that the November 2, 2011 assignment of the Deed of Trust, which assigned the interest in the Deed of Trust to Defendant, was invalid and therefore, Defendant did not have the authority to foreclose on the Property. *See* Pet. [ECF No. 1-1 at 6-7]; Assignment [ECF No. 1-1 at 82-83]. Plaintiff contends that the assignor, MERS, was only the Nominee for the lender, Realty, and therefore, MERS had no authority to execute the assignment. *See* Pet. [ECF No. 1-1 at 6-7]. Plaintiff also argues that the assignment was void, because it was fraudulent. *See id.* [ECF No. 1-1 at 6-7, 20-23]. Defendant argues that Plaintiff has no standing to challenge the assignment, and that any such challenge would only make the assignment voidable at the election of the original lender. *See* Def.'s Br. [ECF No. 7 at 4].

The Fifth Circuit has held that "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). This case involves a facially valid assignment of the Deed of Trust from MERS to Defendant, and MERS, the assignor, has not challenged the assignment. *See* Assignment [ECF No. 1-1 at 82-83]. While Plaintiff points out that the individual executing the assignment, Tina LeRaybaud, Assistant Secretary of MERS, is not listed as a Trustee of the Deed of Trust, this assertion does not render the assignment facially invalid. *See* Pet. [ECF No. 1-1 at 7]; Assignment [ECF No. 1-1 at 82-83]; Mem. Op. & Order [ECF No. 12 at 5; No. 3:15-CV-704-B]. Plaintiff also finds suspicious the notary public block that is located on the page after the assignment. *See* Pet. [ECF No. 1-1 at 7]. This, however, also does not challenge the facial validity of the assignment, given that the notary page contains the required information and signatures. *See id.* [ECF No. 1-1 at 7]; Assignment [ECF No. 1-1 at 82-83]; Mem. Op. & Order [ECF No. 12 at 5; No. 3:15-CV-704-

B]. Therefore, Plaintiff lacks standing to challenge the assignment of the Deed of Trust to Defendant by MERS. *See Reinagel*, 735 F.3d at 226-28; Mem. Op. & Order [ECF No. 12 at 5; No. 3:15-CV-704-B].

Defendant contends that MERS is the nominee for Realty, the original lender, which is a fact that Plaintiff does not dispute, and that the status of MERS as a nominee does not preclude it from executing the assignment. Def.'s Br. [ECF No. 7 at 4]; Pet. [ECF No. 1-1 at 6]. Therefore, Defendant argues that any challenge to the assignment based on the status of MERS as a nominee fails as a matter of law. *See* Def.'s Br. [ECF No. 7 at 4-5]; *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) ("The [Texas Property] Code defines a 'book entry system' as 'a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns.' . . . Because MERS is a book-entry system, it qualifies as a mortgagee. Thus, the Texas Property Code contemplates and permits MERS either (1) to grant the mortgage servicer the authority to foreclose or, if MERS is its own mortgage servicer, (2) to bring the foreclosure action itself. In either event, the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure." (citing TEX. PROP. CODE §§ 51.0001(1) & (3)).

In sum, Plaintiff's allegations fail to challenge the assignment of the Deed of Trust and cannot support his claim that Defendant lacked the authority to foreclose on the Property.

### Show-Me-the-Note & Split-the-Note Arguments

Plaintiff also contends that Defendant was not entitled to foreclose on the Property, because Defendant was not the holder of a properly negotiated note. *See* Pet. [ECF No. 1-1 at 7-11]. Plaintiff implies that the assignment split the Note from the Deed of Trust, leaving Defendant with no debt

on which it could foreclose. *See id.* [ECF No. 1-1 at 7-11]. To the extent these allegations are an attempt by Plaintiff to assert the show-me-the-note or split-the-note theory as a defense to the foreclosure on the Property, Defendant argues that such an attempt fails. *See* Def.'s Br. [ECF No. 7 at 5]. The Fifth Circuit has repeatedly rejected the "show-me-the-note" theory, which posits that "only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Martins*, 722 F.3d at 253. This theory has been held to be without merit because, under Texas law, "promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, the note against the borrower and the lien against the real property." *Jones v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-CV-3929-L, 2013 WL 3455716, at *8 (N.D. Tex. July 9, 2013) (internal quotations and citation omitted). If the lender seeks a personal judgment against the borrower, the lender will usually be required to produce the original note in order to show that it is the holder, but if the lender seeks to foreclose, the lender does not need to produce the original note because, "foreclosure is an independent action against the collateral that enforces the deed of trust, not the underlying note." *Id.* (citations and internal quotations omitted); *Martins*, 722 F.3d at 254 ("The original, signed note need not be produced in order to foreclose.").

"The Texas Property Code allows mortgagees and mortgage servicers to conduct a nonjudicial foreclosure sale 'under a power of sale conferred by a deed of trust or other contract lien.'" *Asonibe v. Flagstar Bank, F.S.B.*, No. 3:12-CV-2113-M (BH), 2013 WL 1828842, at *6 (N.D. Tex. Apr. 5, 2013) (citing TEX. PROP. CODE § 51.002). A "mortgagee" includes "the grantee, beneficiary, owner, or holder of a security instrument" or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4)(A) & (C). Therefore, courts have repeatedly held that a mortgagee or mortgage

servicer is not required "to produce proof of the original note prior to conducting a nonjudicial foreclosure sale." *See id.* (citing *Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2013 WL 655059, at *4 (N.D. Tex. Feb. 5, 2013); *Darocy v. Chase Home Fin., L.L.C.*, No. 3:10-CV-1259-L, 2012 WL 840909, at *10 (N.D. Tex. Mar. 9, 2012); *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M (BK), 2012 WL 555194, at *2 (N.D. Tex. Jan. 23, 2012)).

Given that the Deed of Trust in this case names MERS as the beneficiary and the nominee of Realty, and because MERS subsequently assigned the Deed of Trust to Defendant, this assignment transferred all of the rights in the Deed of Trust, including the right to foreclose on the Property. *See Jones*, 2013 WL 3455716, at *8; *Asonibe*, 2013 WL 1828842, at *6. Defendant therefore can foreclose on the Property without producing the original Note. As a result, any request to declare the foreclosure invalid based on Defendant's failure to produce the Note fails.

**Breach of Contract**

Plaintiff asserts a breach of contract claim against Defendant. *See* Pet. [ECF No. 1-1 at 17]. In order to state a claim for breach of contract under Texas law, Plaintiff must allege the following: (1) the existence of a valid contract; (2) Plaintiff's performance or tendered performance; (3) Defendant's breach of the contract; and (4) damages to Plaintiff caused by the breach. *See Lewis v. Bank of Am., N.A.*, 343 F.3d 540, 545 (5th Cir. 2003) (citing *Palmer v. Espey Huston & Assocs.*, 84 S.W.3d 345, 353 (Tex. App.-Corpus Christi 2002, pet. denied)). Plaintiff must also identify the specific contract provision that he alleges has been breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014). Further, if Plaintiff "fail[s] to allege [that he was] current on [his] payments under the deed of trust, dismissal of the[] breach of contract claim is proper." *Id.* (citing *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex.

10

2012)).

Although Plaintiff asserts that the Deed of Trust was a valid contract between Realty and himself, he does not specify how this contract was breached nor identifies the provision at issue. *See* Pet. [ECF No. 1-1 at 17]. Plaintiff merely states, in a general manner, that "violations of Federal law and laws of local jurisdiction[s] constitute a failure to strictly adhere to the terms of the Deed of Trust." *Id.* [ECF No. 1-1 at 17]. Defendant argues that Plaintiff's breach of contract claim is derivative of his attack on the assignment and his show-me-the-note and split-the-note claims. *See* Def.'s Br. [ECF No. 7 at 6]. Defendant moves to dismiss this claim, arguing that it is conclusory, lacks factual support, and does not satisfy the requisite elements. *See id.* [ECF No. 7 at 6].

Upon consideration, the undersigned concludes that Plaintiff failed to plead facts sufficient to allege that Defendant breached the Deed of Trust. Plaintiff's unsupported and conclusory statements do not identify the contract provision at issue nor specifies how Defendant engaged in the breach. Further, because the breach of contract claim appears to be derivative of Plaintiff's claims that the assignment to Defendant was void and that Defendant lacked authority to foreclose, and because the undersigned determined above that those theories are not viable claims for relief, the breach of contract claim likewise fails.

## **Fraud**

Plaintiff's Petition also includes claims of fraud. *See* Pet. [ECF No. 1-1 at 6, 20-21]. Under Texas law, the elements of a cause of action for fraud are: (1) a material representation; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without regard for its truth and as a positive assertion; (4) the representation was made with the intent that the other party act upon it; (5) the other party acted in reliance upon that

representation; and (6) the other party suffered injury. *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). Further,"[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting [the] fraud or mistake." FED. R. CIV. P. 9(b).

> What constitutes particularity will necessarily differ with the facts of each case . . . . [but] [a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. . . . Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotation marks and citations omitted).

Defendant argues that Plaintiff's fraud claims fail, because Plaintiff failed to plead with the particularity required under Rule 9(b). *See* Def.'s Br. [ECF No. 7 at 7]. Defendant argues that Plaintiff "copies and pastes deposition testimony from a third party along with other boilerplate allegations," that "Plaintiff has not plead[ed] the who, what, or when of the alleged fraud," but rather, "speculates on the authority of MERS to assign the subject lien to [Defendant] and [Defendant's] possession of the original Note." *See id.* [ECF No. 7 at 7]. Defendant argues that this does not suffice to support an independent claim for fraud. *See id.* [ECF No. 7 at 7]. Although the undersigned has liberally construed Plaintiff's fraud claims, the undersigned agrees with Defendant that Plaintiff failed to plead viable fraud claims.

## **Injunctive Relief**

Defendant argues that Plaintiff is not entitled to injunctive relief, because Plaintiff failed to adequately state an underlying cause of action. *See id.* [ECF No. 7 at 8]. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. . . . [I]njunctive relief requires that plaintiff first plead [a] viable underlying cause of action." *Cook v.*

12

*Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. Jul. 12, 2010) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008, no pet.); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). Because Plaintiff failed to adequately state an underlying cause of action, Plaintiff is not entitled to injunctive relief.

## RECOMMENDATION

Having considered the foregoing, the undersigned respectfully recommends that the District Court **GRANT in part Defendant's Motion to Dismiss [ECF No. 6], and dismiss Plaintiff's claims against Defendant without prejudice**. While Plaintiff's present complaint is deficient in a number of respects as discussed above, due to Plaintiff's *pro se* status, and because Plaintiff has not yet filed an amended complaint in this case, the undersigned, out of an abundance of caution, recommends that the District Court direct Plaintiff to amend his complaint to address the issues raised in Defendant's Motion to Dismiss. The undersigned recommends that the District Court permit Plaintiff to amend his complaint within 30 days of the date the District Court enters its Order on Defendant's Motion to Dismiss. Should Plaintiff fail to comply with the District Court's Order directing him to amend his complaint within 30 days, the undersigned recommends that the District Court dismiss Plaintiff's claims against Defendant **with prejudice**.

**SO RECOMMENDED**, January 27, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

13

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).